**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000120
23-MAY-2019
08:12 AM**

NO. CAAP-16-0000120

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
SUMMER N. JENKINS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-15-02505)

MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Summer N. Jenkins (**Jenkins**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**) entered by the District Court of the First Circuit, Wahiawā Division (**District Court**)[1] on February 4, 2016. Jenkins contends:[2] **(1)** the charge was fatally defective for failing to define "alcohol"; **(2)** Hawaii Revised Statutes (**HRS**) §§ 291E-1 (2007 & Supp. 2014) and -61 (Supp. 2014) are unconstitutionally vague; **(3)** the District Court failed to conduct a proper <u>Tachibana</u> colloquy; **(4)** the District Court erroneously applied a "totality of circumstances" burden of proof rather than "proof beyond a reasonable doubt"; and **(5)** there was insufficient evidence to support her conviction. For the reasons explained below, we vacate the Judgment and remand for a new trial.

---

[1]     The Honorable Russel S. Nagata presided.

[2]     Jenkins' redundant points of error have been restated.

On June 8, 2015, Jenkins was charged by complaint with operating a vehicle under the influence of an intoxicant (**OVUII**) and other infractions. The complaint alleged, in relevant part:

> COUNT 1: On or about June 28, 2014, in the City and County of Honolulu, State of Hawai'i, SUMMER N. JENKINS did intentionally, knowingly or recklessly operate or assume actual physical control of a vehicle upon a public way, street, road, or highway while under the influence of alcohol in an amount sufficient to impair her normal mental faculties or ability to care for herself and guard against casualty, thereby committing the offense of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Section 291E-61(a)(1) of the Hawai'i [sic] Revised Statutes.

She was tried and convicted on December 3, 2015. This appeal followed.

**1.** Jenkins contends that the complaint was fatally defective because it did not define the term "alcohol." Her argument is without merit. State v. Tsujimura, 140 Hawai'i 299, 309, 400 P.3d 500, 510 (2017) (Holding that "even without the statutory definition of 'alcohol,' the complaint 'fully defines the offense in unmistakable terms,' is 'readily comprehensible to persons of common understanding,' and is, therefore, sufficient.").

**2.** Jenkins next contends that HRS §§ 291E-1 and -61 are unconstitutionally vague. That argument is also without merit. State v. Goo, No. CAAP-16-0000369, 2019 WL 1219107, at *1 (Haw. App. Mar. 15, 2019) (SDO) (citing Tsujimura).

**3.** Jenkins also contends that the District Court failed to engage her in the colloquy required by Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995). The validity of a criminal defendant's waiver of the right to testify is a question of constitutional law reviewed under the right/wrong standard. State v. Celestine, 142 Hawai'i 165, 169, 415 P.3d 907, 911 (2018).

> Hawai'i law has historically protected both the right to testify and the right not to testify. The right to testify is guaranteed by the Fifth and Sixth Amendments to the United States Constitution; the Hawai'i Constitution's

> parallel guarantees under article I, sections 5, 10, and 14;
> and HRS § 801-2. The right not to testify is guaranteed by
> the United States Constitution's Fifth Amendment guarantee
> against compelled testimony and the Hawai'i Constitution's
> parallel guarantee under article I, section 10.

Celestine, 142 Hawai'i at 169, 415 P.3d at 911 (citations omitted). In Tachibana, the Hawai'i Supreme Court established requirements that trial courts advise criminal defendants of the right to testify and obtain an on-the-record waiver of that right. 79 Hawai'i at 236, 900 P.2d at 1303.

There are two components of the Tachibana requirement. The first is that the trial court inform the defendant:

> that he or she has a right to testify, that if he or she
> wants to testify that no one can prevent him or her from
> doing so, and that if he or she testifies the prosecution
> will be allowed to cross-examine him or her. In connection
> with the privilege against self-incrimination, the defendant
> should also be advised that he or she has a right not to
> testify and that if he or she does not testify then the jury
> can be instructed about that right.

Celestine, 142 Hawai'i at 170, 415 P.3d at 912 (brackets omitted) (citing Tachibana, 79 Hawai'i at 236 n.7, 900 P.2d at 1303 n.7). Jenkins does not challenge the adequacy of the District Court's advisement.

The second component of the Tachibana requirement involves the court engaging in a "colloquy" with the defendant "in which the judge ascertains the defendant's understanding of the proceedings and of the defendant's rights." Celestine, 142 Hawai'i at 170, 415 P.3d at 912 (citations and emphasis omitted). The trial court must "elicit[ ] responses as to whether the defendant intends to not testify, whether anyone is forcing the defendant not to testify, and whether the decision to not testify is the defendant's." Id. at 170-71, 415 P.3d at 912-13 (citation omitted). In this case the District Court engaged in the following exchange with Jenkins after the defense rested:

> THE COURT: Okay. So, Miss Jenkins, I mentioned
> before that when your case is closed that -- well, when the
> State's case is finished, you have a right to testify --
> come up here, get sworn under oath, and testify. If you

> testify, the prosecutor will cross-examine you in all matters relating to your testimony.
>
> Also mentioned you have a constitutional right not to testify. If you don't testify, I will not use the fact you didn't testify against you when I decide whether you're guilty or not guilty. I've also mentioned that you should first consult with your attorney, but the decision in the end is yours, whether you're going to testify or not.
>
> I've been told at this time that -- by your attorney that he's resting your case. That means that it appears that you will not be testifying. At this time, I need to know just personally whether it's your personal decision not to testify or not.
>
> [JENKINS]: Yes.
>
> THE COURT: Okay, thank you.

This exchange should have taken place before the defense rested. See Celestine, 142 Hawai'i at 170 & n.12, 415 P.3d at 912 & n.12 (citations omitted). The District Court did not ask Jenkins whether her mind was clear, whether she was under the influence of any drug, medication, alcohol, or suffering from or being treated for any mental illness that would affect her ability to think clearly, whether anyone was forcing her, threatening her, or promising her anything in exchange for her decision not to testify or whether she had any questions for the court before making her decision.

"In determining whether a waiver of the right to testify was voluntarily and intelligently made, this court looks to the totality of the facts and circumstances of each particular case." Celestine, 142 Hawai'i at 171, 415 P.3d at 913 (citation omitted). Under the facts and circumstances described above, we hold that the District Court did not engage Jenkins in a colloquy sufficient to elicit Jenkins' understanding of the proceedings and of her rights. Compare State v. Borge, No. CAAP-18-0000012, 2019 WL 762419 (Haw. App. Feb. 21, 2019) (SDO) (holding that Tachibana colloquy was deficient), and State v. Goebel, No. CAAP-15-0000701, 2018 WL 3135415 (Haw. App. June 27, 2018) (SDO) (same), with State v. Martin, No. CAAP-14-0001090, 2019 WL 1435123 (Haw. App. Mar. 29, 2019) (SDO) (sufficient Tachibana

colloquy), and State v. Horvath, No. CAAP-17-0000349, 2018 WL 3154778 (Haw. App. June 28, 2018), cert. rejected, No. SCWC-17-0000349, 2018 WL 4659785 (Haw. Sept. 28, 2018) (SDO) (same).

**4.**    Because we hold that the District Court did not engage Jenkins in a sufficient Tachibana colloquy, we need not address whether the District Court erroneously applied a "totality of circumstances" burden of proof rather than "proof beyond a reasonable doubt."

**5.**    Even though we hold that the District Court did not engage Jenkins in a sufficient Tachibana colloquy, we must address Jenkins' contention that there was insufficient evidence to support her conviction. State v. Davis, 133 Hawaiʻi 102, 118, 324 P.3d 912, 928 (2014) (under article I, section 10 of Hawaiʻi Constitution, "even where the [reviewing] court finds trial error, challenges to the sufficiency of the evidence must always be decided on appeal because the double jeopardy clause bars retrial of a defendant once a reviewing court has found the evidence at trial to be legally insufficient to support a conviction").

When reviewing the sufficiency of evidence on appeal, we apply the following deferential standard of review:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (citation omitted). "'Substantial evidence' . . . is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (citations omitted).

> Matters related to the credibility of witnesses and the
> weight to be given to the evidence are generally left to the
> factfinder. The appellate court will neither reconcile
> conflicting evidence nor interfere with the decision of the
> trier of fact based on the witnesses' credibility or the
> weight of the evidence.

State v. Mitchell, 94 Hawai'i 388, 393, 15 P.3d 314, 319

(App. 2000) (citations omitted).

> HRS § 291E-61 provides, in relevant part:

> (a)    A person commits the offense of operating a vehicle
> under the influence of an intoxicant if the person operates
> or assumes actual physical control of a vehicle:

> > (1)    While under the influence of alcohol in an
> > amount sufficient to impair the person's normal
> > mental faculties or ability to care for the
> > person and guard against casualty[.]

There was substantial evidence at trial to support the
conclusion that Jenkins operated a vehicle while under the
influence of alcohol in an amount sufficient to impair her normal
mental faculties or ability to care for herself and guard against
casualty. Honolulu Police Department (**HPD**) officer Albert
Ah Yuen testified that on June 28, 2014, he was assigned to
respond to the scene of a motor vehicle collision at Kamehameha
Highway and Wilikina Drive. He arrived at the scene at about
1:00 a.m. He saw that Kamehameha Highway was being restriped.
He saw a red car in the lane that was blocked off, behind the
vehicle of a special duty officer who was working at the site.
Traffic cones were under the car's front bumper. The bumper was
dented and scratched. Steam was coming from the engine
compartment. Jenkins was sitting in the driver's seat and she
had a fresh open wound by her eye.[3] Officer Ah Yuen noticed "a
strong odor of alcohol . . . coming from [Jenkins'] mouth when
she spoke." Jenkins had "red glassy eyes, watery."

---

[3]    "[A] person may be proven to be a driver based on 'reasonable inferences drawn from circumstantial evidence.'" State v. Brown, 97 Hawai'i 323, 333, 37 P.3d 572, 582 (App. 2001) (citation omitted).

Officer Ah Yuen had Jenkins perform a standardized field sobriety test (**SFST**).[4] Jenkins swayed while being instructed on the walk-and-turn test, trying to keep her balance. She started walking before being instructed to begin. She missed all of the heel-to-toe steps, in both directions. On the one-leg stand test, Jenkins swayed throughout the test, trying to keep her balance. She was instructed and shown to keep one foot six inches above the ground, but she only lifted her foot two or three inches and she put her foot down twice. Officer Ah Yuen arrested her for OVUII.

HPD officer Edward Belcher testified that he was dispatched to the accident scene. When he arrived he saw "a reddish-orangish color" vehicle with severe front-end damage. Traffic cones were scattered around, some under the car. An arrow board had also been severely damaged and knocked over, and was behind the car. The arrow board was twelve or thirteen feet high and four to five feet wide. Officer Belcher saw a fresh open wound above Jenkins' right eye. Jenkins' eyes were bloodshot and watery. There was a strong odor of alcohol. Jenkins' speech was slurred.

Because we hold that the District Court did not engage Jenkins in a sufficient <u>Tachibana</u> colloquy and that there was substantial evidence to support the finding that Jenkins operated a vehicle while under the influence of alcohol in an amount

---

[4] Jenkins contends that Officer Ah Yuen had no present recollection of her performance on the SFST, but Officer Ah Yuen testified that his memory was refreshed after reviewing his report. The District Court denied Jenkins' motion to strike Officer Ah Yuen's testimony, indicating that the District Court found that Officer Ah Yuen's testimony that his memory was refreshed was credible, and that Officer Ah Yuen had a present recollection of Jenkins' performance. We accept the trial court's assessment of witness credibility. <u>Mitchell</u>, 94 Hawai'i at 393, 15 P.3d at 319.

Jenkins also contends that the State failed to lay foundation for eliciting Officer Ah Yuen's testimony about Jenkins' performance on the SFST, primarily citing <u>State v. Toyomura</u>, 80 Hawai'i 8, 904 P.2d 893 (1995) and <u>State v. Nishi</u>, 9 Haw. App. 516, 852 P.2d 476 (1993). Officer Ah Yuen was not asked about Jenkins' performance on the horizontal gaze nystagmus test. His testimony about Jenkins' performance on the walk-and-turn and one-leg stand tests and her arrest was properly admitted. <u>State v. Ferrer</u>, 95 Hawai'i 409, 429, 23 P.3d 744, 764 (App. 2001).

sufficient to impair her normal mental faculties or ability to care for herself and guard against casualty, the Judgment is vacated and this case is remanded to the District Court for a new trial.

DATED: Honolulu, Hawai'i, May 23, 2019.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge